UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL L. WATSON,                          )
                                            )
                    Petitioner,             )
                                            )
        v.                                  )        No. 2:22-cv-00420-JPH-MG
                                            )
WARDEN,                                     )
                                            )
                    Respondent.             )

## ORDER TO SHOW CAUSE

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his state-court conviction.  Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Court* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

Mr. Watson's petition raises one ground for relief—that the state court has failed to rule on his petition for post-conviction relief for nearly a decade. Dkt. 2. He fails to raise any grounds for relief raised on his direct appeal or currently pending in his state post-conviction proceedings.

"The Supreme Court has provided an exception to the exhaustion doctrine in those instances where 'the corrective process is so clearly deficient as to render futile any claim to obtain relief.'" *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). The Seventh Circuit has interpreted "corrective process" to refer to the post-conviction procedure provided by the state. *Id.* "Therefore, 'the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *Id.* (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir.1993)). In rare instances, federal courts may dispense with the exhaustion requirement where delay on the part of the state has led to substantial injustice to the petitioner. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

The Court takes judicial notice of the online docket in Mr. Watson's state proceedings. *State v. Watson*, 49D25-1106-PC-040329, available at mycase.in.gov. The docket confirms that Mr. Watson filed a pro se petition for post-conviction relief in April 2013. The Indiana State Public defender appeared and then withdrew in January 2016. Mr. Watson retained private counsel in July 2016. Since that time, the state court has held two hearings—one in June 2017 and the other in November 2020. Another hearing date is currently set for January 19, 2023. Over the years, the state has been granted one continuance and the court has postponed hearings on four occasions. All other delays have been either agreed upon by the parties or requested by Mr. Watson's retained counsel. Indiana's post-conviction process is therefore available to Mr. Watson. Delays attributable to him do not render that process futile or clearly deficient. He is thus not entitled to forgo it.

And even if the Court excused Mr. Watson's failure to exhaust state court remedies, his petition raises no substantive grounds for relief, such as the grounds currently pending in state court or any grounds exhausted on direct appeal. For these reasons the petitioner shall have

**through October 31, 2022**, to show cause why this habeas petition should not be dismissed without prejudice for failure to exhaust his state court remedies. This means he can refile his petition and raise his substantive claims after he exhausts them in state court.

**SO ORDERED.**

Date: 10/6/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL L. WATSON
970433
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only